12cv6723   Acosta vs. Orsa, et al.

AUG 11 2014

JUDGE JOHN J. THARP, JR.
UNITED STATES DISTRICT COURT

## JURY INSTRUCTIONS

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy or prejudice to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

In this case Defendants Joseph Pulia, William Orsa, David Barnes, and Robert Caulfield are Chicago Police Officers, and Plaintiffs Miguel Acosta, Marisol Gonzalez, Ponciano Gonzalez, Rigoberto Rodriguez, and Maria Rodriguez are private citizens. All parties are equal before the law. Defendants and Plaintiffs are entitled to the same fair consideration.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

During this trial, I have asked witnesses questions myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the

1

outcome of the case should be.

The evidence consists of the testimony of the witnesses, the exhibits admitted into evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

Nothing else is evidence. I want to specifically mention some things that are not to be considered as evidence:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Fifth, any notes you have taken during this trial are not evidence. Notes are only aids to your memory. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

And last, certain enlarged photographs have been shown to you. They are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

3

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true—in other words, evidence that is based on an inference.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

4

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

It is proper for a lawyer to meet with any witness in preparation for trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

You may consider statements given before trial by a Party, or statements given before trial by a Witness under oath, as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his or her testimony here in court, you may consider the earlier statement or conduct only in deciding whether his or her testimony here in court was true and what weight to give to his or her testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

In the form of the parties' stipulations, you have heard Dr. Tedjitou Martin and Dr. Juan Ambrose Insua give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that Dr. Martin and Dr. Insua have given opinions does not mean that you are required to accept them. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the doctors' qualifications, and all of the other evidence in the case.

6

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean:

When you have considered all the evidence in the case, you must be persuaded that the claim is more probably true than not true.


Plaintiffs Miguel Acosta, Marisol Gonzalez, Ponciano Gonzalez, Rigoberto Rodriguez, and Maria Rodriguez bring the following claims in this case against Defendants Joseph Pulia, William Orsa, David Barnes, and Robert Caulfield:

First, each Plaintiff except for Maria Rodriguez claims that one or more of the Defendants falsely arrested or falsely seized them.

Second, each Plaintiff except Maria Rodriguez claims that one or more Defendants used excessive force against them.

Third, Plaintiff Maria Rodriguez claims that each of the Defendants unlawfully entered her residence.

Fourth, each Plaintiff claims that one or more of the Defendants failed to intervene to prevent the infringement of their Constitutional rights.

Fifth, all Plaintiffs claim that one or more of the Defendants conspired to violate their Constitutional rights.


The Defendants deny each of these claims.

7

You must give separate consideration to each claim and each party in this case.

Although there are four defendants, it does not follow that if one is liable, that any other is also liable. Although there are five plaintiffs, it does not follow that if one is successful, any others are, too. Each party is entitled to have the claims decided solely on the evidence that applies to that party.

To succeed on any claim, a Plaintiff must prove by a preponderance of the evidence that the Defendant you are considering was personally involved in the conduct that the particular Plaintiff complains about. You may not hold any defendant liable for what other individuals did or did not do.

In this case, Plaintiffs Miguel Acosta, Marisol Gonzalez, and Ponciano Gonzalez, claim that one or more of the Defendant Officers Joseph Pulia, William Orsa, and Robert Caulfield falsely arrested them. For any Plaintiff to succeed on this claim against any of these Defendants, that Plaintiff must prove each of the following things by a preponderance of the evidence as to the defendant under consideration:

    1. That defendant arrested the plaintiff; and

    2. That defendant did not have probable cause to arrest the plaintiff.

If you find that a Plaintiff has proved each of these things by a preponderance of the evidence against one or more of the Defendants, then you should find for that Plaintiff and against that Defendant or those Defendants on the false arrest claim.

If, on the other hand, you find that a Plaintiff has failed to prove one, or both, of these things by a preponderance of the evidence against a Defendant, then you should find for that Defendant on the false arrest claim.

9

Plaintiff Rigoberto Rodriguez claims that Defendant Officers Joseph Pulia and William Orsa falsely seized him. For Plaintiff to succeed on this claim against either of these Defendants, Plaintiff must prove each of the following things by a preponderance of the evidence as to the defendant under consideration:

      1. That defendant seized the plaintiff; and

      2. That defendant did not have probable cause to seize the plaintiff.

A "seizure" occurs when a police officer, by means of physical force or show of authority, in some way restrains the liberty of a citizen.

If you find that Plaintiff Rigoberto Rodriguez has proved each of these things by a preponderance of the evidence against one or more of the Defendants, then you should find for Plaintiff Rigoberto Rodriguez and against that Defendant or those Defendants on the false seizure claim.

If, on the other hand, you find that Plaintiff Rigoberto Rodriguez has failed to prove one, or both, of these things by a preponderance of the evidence against a Defendant, then you should find for that Defendant on the false seizure claim.

Let me explain what "probable cause" means. There is probable cause for an arrest or seizure if at the moment the arrest or seizure was made, the Defendant police officer reasonably believed that a Plaintiff had committed or was committing a crime or other offense. In making this decision, you should consider what that Defendant knew and what reasonably trustworthy information that Defendant had received.

It is not necessary that a Defendant had probable cause to arrest or seize a Plaintiff for reckless conduct, resisting or obstructing a peace officer, or for a curfew violation, so long as that Defendant had probable cause to arrest or seize that Plaintiff for some offense or violation.

Probable cause requires more than just a suspicion. But it does not need to be based on evidence that would be sufficient to support a conviction, or even a showing that Defendant's belief was probably right. The facts that Marisol Gonzalez was later acquitted of the offense of reckless conduct; that Miguel Acosta was later acquitted of the offenses of reckless conduct and resisting or obstructing a police officer; and that the reckless conduct charge against Ponciano Gonzalez was later dismissed, do not by themselves mean that there was no probable cause at the time of their arrests.

11

A person commits reckless conduct when he or she, by any means lawful or unlawful, recklessly performs an act or acts that endanger the safety of another person. However, words alone do not constitute reckless conduct.

In the City of Chicago, a minor commits a curfew violation offense if he remains in any public place or on the premises of any establishment within the city during curfew hours.

A minor is any person under 17 years of age.

On August 21, 2010, curfew hours were from 11:00 p.m. to 6:00 a.m.

A person resists or obstructs a police officer when the person knowingly resists or obstructs the performance of a police officer, and the person knows that the person he or she is resisting is in fact a police officer.

A person commits disorderly conduct when he or she knowingly does any act in such unreasonable manner as to alarm or disturb another and to provoke breach of the peace.

A person commits an assault when, without lawful authority, he or she knowingly engages in conduct which places another in reasonable apprehension of receiving a battery. A person commits battery if he or she knowingly, without legal justification, by any means: (1) causes bodily harm to an individual; or (2) makes physical contact of an insulting or provoking nature with an individual.

In this case, Plaintiffs Miguel Acosta, Marisol Gonzalez, Ponciano Gonzalez, and Rigoberto Rodriguez claim that one or more of the Defendants Joseph Pulia, William Orsa, and Robert Caulfield, used excessive force against them.

For any Plaintiff to succeed on this claim against any Defendant, that Plaintiff must prove by a preponderance of the evidence that the Defendant under consideration used unreasonable force against that Plaintiff.

If you find that that a Plaintiff has proved by a preponderance of the evidence that the Defendant under consideration used excessive force against that Plaintiff, then you should find for that Plaintiff on that Plaintiff's excessive force claim.

If, on the other hand, you find that that a Plaintiff did not prove by a preponderance of the evidence that the Defendant under consideration used excessive force against that Plaintiff, then you should find for that Defendant as to that Plaintiff's excessive force claim.

In performing his job, an officer can use force that is reasonably necessary under the circumstances. A police officer need not retreat or desist from efforts to make a lawful arrest because of resistance or threatened resistance to the arrest. He is justified in the use of any force reasonably necessary to effect the arrest and of any force reasonably necessary to defend himself or another from bodily harm while making the arrest. The basis for what is reasonable is determined by what a reasonable officer would do under the given circumstances that confronted the Defendant Officers, and not what any particular officer contends he believed at the time of the arrest.

You must decide whether a Defendant's use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that the Defendant faced. You must make this decision based on what the officer knew at the time of the arrest, not based on what you know now. In deciding whether a Defendant's use of force was unreasonable, you must not consider whether that Defendant's intentions were good or bad.

In this case, Plaintiff Maria Rodriguez claims that Defendants Joseph Pulia, William Orsa, David Barnes, and Robert Caulfield violated the Fourth Amendment's protection of her right to be secure in her home against unreasonable searches and seizures. Under the Fourth Amendment, a police officer may not intentionally enter a person's home without having first obtained a warrant except in circumstances that do not apply in this case. There is no dispute in this case that there was not a warrant that authorized any entry into Plaintiff Maria Rodriguez's home.

If you find that Plaintiff Maria Rodriguez has proved by a preponderance of the evidence that one or more of the Defendants intentionally entered her home, then you should find in favor of Plaintiff Maria Rodriguez on this claim as to that Defendant or those Defendants.

If, on the other hand, you find that Plaintiff Maria Rodriguez has not proved by a preponderance of the evidence that a particular Defendant entered her home, then you should find in favor of that Defendant on this claim. If you find that none of the Defendants entered her home, then you should find in favor of all of the Defendants on this claim.

As I have already instructed, you may not hold any defendant liable for what other individuals did or did not do. A Plaintiff may, however, succeed on his or her failure to intervene claim as to one or more of the Defendants, Joseph Pulia, William Orsa, David Barnes, and Robert Caulfield, if he or she proves each of the following things by a preponderance of the evidence:

1. One or more of the Defendants violated that Plaintiff's constitutional rights by falsely arresting him/her, unlawfully entering her residence, and/or using excessive force in violation of the Fourth Amendment to the United States Constitution;

2. The Defendant you are considering knew that one or more of the other Defendants violated the constitutional rights of the Plaintiff you are considering;

3. The Defendant you are considering had a realistic opportunity to do something to prevent that harm from occurring;

4. The Defendant you are considering failed to take reasonable steps to prevent that harm from occurring; and

5. The failure to act of the Defendant you are considering caused the Plaintiff you are considering to suffer harm.

If you find that a Plaintiff has proved each of these things as to the Defendant under consideration, then you should find for that Plaintiff on the failure to intervene claim.

If you find that a Plaintiff has not proved any one of these things as to the Defendant under consideration, then you should find for that Defendant on the failure to intervene claim.

Plaintiffs Miguel Acosta, Marisol Gonzalez, Ponciano Gonzalez, Rigoberto Rodriguez, and Maria Rodriguez allege that one or more of the Defendants, Joseph Pulia, William Orsa, David Barnes, and Robert Caulfield conspired to violate the Plaintiffs' constitutional rights in that the Defendant Officers 1) falsely arrested Plaintiffs Miguel Acosta, Marisol Gonzalez, and Ponciano Gonzalez, and falsely seized Plaintiff Rigoberto Rodriguez; 2) used excessive force against Plaintiffs Miguel Acosta, Marisol Gonzalez, Ponciano Gonzalez, and Rigoberto Rodriguez; and/or 3) unlawfully entered the residence of Plaintiff Maria Rodriguez. To succeed on their claim of conspiracy, each Plaintiff must prove each of the following things by a preponderance of the evidence:

1. That the Defendant under consideration formed an express or implied agreement with at least one other Defendant.

2. The purpose of the agreement was to deprive, either directly or indirectly, the Plaintiff under consideration of his/her constitutional rights.

3. That one or more of the conspirators either caused or did an act in furtherance of the object of the conspiracy or caused someone else to do so.

4. That the Plaintiff suffered some injury as a result of the conspiracy.

If you find that a Plaintiff has proved each of these things by a preponderance of the evidence against the Defendant under consideration, then you should find for that Plaintiff on the conspiracy claim.

If, on the other hand, you find that a Plaintiff has not proved any one of these things by a preponderance of the evidence as to the Defendant under consideration, then you should find for that Defendant on the conspiracy claim.

I will now instruct you on damages. You should not interpret the fact that I am giving instructions about damages as an indication that I hold any view as to what your verdict should be as to any Plaintiff's claim against any Defendant.

If you find that Plaintiff Miguel Acosta, Marisol Gonzalez, Ponciano Gonzalez, Rigoberto Rodriguez, or Maria Rodriguez has proved any of his or her claims against any one of the Defendant Officers Joseph Pulia, William Orsa, David Barnes, or Robert Caulfield, you must determine what amount of damages, if any, that each Plaintiff is entitled to recover.

If you find that any one of the Plaintiffs has failed to prove his or her claim against any Defendant, then you will not consider the question of damages for that Plaintiff and against that Defendant.

If you decide for all of the Defendants on the question of liability as to all of the Plaintiffs' claims, then you should not consider the question of damages.

If you find in favor of any one of the Plaintiffs Miguel Acosta, Marisol Gonzalez, Ponciano Gonzalez, Rigoberto Rodriguez, or Maria Rodriguez, then you must determine the amount of money that will fairly compensate that Plaintiff for any injury that you find he or she sustained as a direct result of any Defendants' conduct. These are called "compensatory damages."

Each Plaintiff must prove his or her compensatory damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1. The reasonable value of medical care and supplies that a Plaintiff reasonably needed and actually received; and

2. The physical and mental or emotional pain and suffering that a Plaintiff has experienced.

No evidence of the dollar value of physical or mental or emotional pain and suffering or disability or loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate Plaintiff for the injuries he or she has sustained.

If you find in favor of a Plaintiff on a particular claim but find that he or she has failed to prove compensatory damages for that claim, you must return a verdict in Plaintiff's favor in the amount of one dollar ($1.00) on that claim.

19

If you find for a Plaintiff, you may, but are not required to, assess punitive damages against one or more of the Defendant Officers. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to defendants and others not to engage in similar conduct in the future.

A Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against one or more of the Defendants. You may assess punitive damages against a Defendant only if you find that his conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of a Plaintiff's rights if, under the circumstances, it reflects complete indifference to that Plaintiff's safety or rights.

If you find that punitive damages are appropriate against one or more of the Defendants, then you must use sound reason in setting the amount of those damages against each such Defendant. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party. In determining the amount of any punitive damages against any Defendant, you should consider the following factors:

- the reprehensibility of that Defendant's conduct;

- the impact of that Defendant's conduct on a Plaintiff;

- the relationship between a Plaintiff and that Defendant;

- the likelihood that the Defendant would repeat the conduct if an award of punitive damages is not made;

- that Defendant's financial condition; and

-        the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

The Defendant police officers have presented evidence concerning their personal financial circumstances. In assessing the financial condition of each of the officers, you may consider that the City of Chicago is required to pay any compensatory damages the jury awards to the plaintiffs. The officers are not obligated to satisfy any compensatory damage award if they are found liable. Any punitive damages awarded, however, must be paid by the individual officer, or officers, against whom the jury awards such damages.

Upon retiring to the jury room, select one of your number as a foreperson. The foreperson will preside over your deliberations and will be your representative here in court.

A form of verdict has been prepared for you. [Form read.]

Take this form to the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in and date the form, and each of you will sign it.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

The verdict must represent the considered judgment of each juror. Your verdict must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the views of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of your fellow jurors or solely for the purpose of returning a unanimous verdict.

All of you should give fair consideration to all the evidence and deliberate with the goal of reaching a verdict which is consistent with the individual judgment of each juror. You are impartial judges of the facts. Your sole interest is to determine the truth from the evidence in the case.

During your deliberations, you must not communicate with anyone other than your fellow jurors, or provide information to anyone other than your fellow jurors, about this case. You cannot talk to anyone in person or on the phone, correspond with anyone, or electronically communicate with anyone about the case. All forms of communication are subject to this instruction, including email, text messaging, instant messaging, blogging, and posting on social media and networking platforms such as Facebook, Twitter, Tumblr, Instagram, and Snapchat. You may not use any electronic device, such as a cell phone, smart phone, computer, or tablet to communicate with anyone about this case. If anyone attempts to communicate with you about the case through any of the methods I have listed, you must inform me right away.

You also must not conduct any independent research about this case by any means. This means that you may not use any printed or electronic source to look up any information about the case. In other words, you should not consult any reference materials or search the Internet to obtain information about the matters in the case, or the individuals involved in the case, or to help you decide the case. You may not do any personal investigation, including using search engines or Internet maps to obtain information about the case.

The reason that you cannot investigate or communicate with anyone other than your fellow jurors about the case is that it is important that you decide this case based solely on the evidence presented in this courtroom, which is seen and heard by all of your fellow jurors as well as the parties in the case. Permitting such communications or investigation would jeopardize the fairness of these proceedings.